UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGEL CRUZ,

                              Petitioner,

       -vs-

JOSEPH NOETH, Superintendent,

                              Respondent.

**No. 6:17-cv-06549-MAT**
**DECISION AND ORDER**

_____

## I. Introduction

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Angel Cruz ("Petitioner") challenging the judgment of conviction entered against him on August 28, 2008, in New York State, Monroe County Court (Keenan, J.) on various counts of conspiracy, criminal possession of a weapon, and criminal sale and possession of a controlled substance. For the reasons discussed below, the Court denies Petitioner's request for a writ of habeas corpus.

## II. Factual Background and Procedural History

Between February 23, 2007, and May 23, 2007, the New York State Attorney General's Organized Crime Task Force, together with the New York State Police, investigated a cocaine distribution ring operating in and around the City of Rochester. The investigation involved the use of electronic surveillance to monitor and record conversations conducted over a number of "target telephones" used

by members of the criminal organization, including Petitioner. Ultimately, the investigators seized bulk quantities of cocaine, over $40,000 dollars in cash, and weapons and ammunition belonging to members of the organization.

In August 2007, a Monroe County grand jury handed down a 20-count indictment ("First Indictment") charging Petitioner and ten others with a variety of offenses arising from their involvement in the distribution ring. Petitioner was charged with second-degree conspiracy, third-degree criminal possession of a weapon, and several drug-possession and drug-sale offenses. The weapon-possession count was dismissed due to a defect in the grand jury charge but the prosecutor was allowed to resubmit the claim. A Monroe County grand jury thereafter returned an indictment ("Second Indictment") charging Petitioner with criminal possession of a weapon in the second, third, and fourth degrees.

At a consolidated jury trial on both indictments conducted on August 25 through August 29, 2008, before Monroe County Court Judge Richard Keenan ("the trial court") twenty-eight of the recorded telephone conversations were introduced into evidence. A police officer provided testimony regarding the meaning of the coded language that was used by Petitioner and others on the calls. Other police officers testified regarding their execution of search warrants at Petitioner's residence and SUV, from which they recovered $40,000 in cash, drug paraphernalia, a box of 9 mm

ammunition, and a loaded 9 mm pistol. The police also testified regarding their execution of warrants at the residences of co-conspirators Wender Deleon ("Deleon") and Francisco Garcia, from which they recovered cocaine and drug paraphernalia. A police officer testified regarding his May 23, 2007 pre-arranged, undercover purchase of cocaine from Deleon, which marked the end of the investigation. Petitioner did not present any witnesses at trial.

The jury returned a verdict convicting Petitioner of second-degree conspiracy, attempted first-degree and attempted third-degree criminal possession of a controlled substance, second-degree criminal sale of a controlled substance, and third-degree criminal possession of a controlled substance under the First Indictment. He was convicted of second-degree criminal possession of a weapon and third-degree criminal possession of a weapon under the Second Indictment.

On August 28, 2008, Petitioner was sentenced, as a second felony offender, to an indeterminate prison term of 12½ to 25 years on the conspiracy count. With regard to the controlled substance convictions, Petitioner was sentenced as a second felony drug offender previously convicted of a violent felony and received determinate prison terms of 20 years followed by 5 years' post-release supervision ("PRS") on the attempted first-degree possession count, 9 years' imprisonment plus 3 years' PRS on the

attempted third-degree possession count, 15 years' imprisonment plus 5 years' PRS on the second-degree sale count, and 15 years' imprisonment plus 3 years' PRS on the third-degree possession count. He was sentenced as a persistent violent felony offender to an indeterminate prison term of 20 years to life on the second-degree weapon-possession count, and as a second felony offender to an indeterminate prison term of 3½ to 7 years on the third-degree weapon-possession count. All sentences were ordered to run concurrently.

On February 2, 2012, Petitioner moved *pro se* for vacatur of his conviction in the trial court pursuant to New York Criminal Procedure Law ("CPL") § 440.10. Petitioner argued that trial counsel was ineffective for failing to file a motion to suppress evidence derived from the eavesdropping warrants on the ground that the People failed to furnish the warrants and accompanying applications within 15 days of arraignment as required by CPL § 700.70. The trial court denied the motion pursuant to CPL § 440.10(2)(b), finding that sufficient facts appeared on the record to permit review of this claim on Petitioner's pending direct appeal. Petitioner unsuccessfully sought leave to appeal to the Appellate Division, Fourth Department, of New York State Supreme Court ("Fourth Department").

Petitioner, through counsel, pursued a direct appeal of his conviction to the Fourth Department. The Fourth Department

unanimously affirmed the judgment of conviction on the first indictment ("First Judgment of Conviction") but modified the judgment on the second indictment ("Second Judgment of Conviction") by vacating Petitioner's sentence for second-degree criminal possession of a weapon and remitting the matter to the trial court for resentencing. *See People v. Cruz*, 134 A.D.3d 1455 (4th Dep't 2015); *People v. Cruz*, 134 A.D.3d 1458 (4th Dep't 2015). Petitioner unsuccessfully sought leave to appeal from the portion of the order affirming his convictions to the New York Court of Appeals. *See People v. Cruz*, 27 N.Y.3d 1067 (2016).

On August 29, 2016, the trial court again adjudicated Petitioner a persistent violent felony offender and resentenced him to an indeterminate prison term of 16 years to life on the conviction for second-degree criminal possession of a weapon. Petitioner initiated an appeal in the Fourth Department but withdrew it on October 24, 2017.

Petitioner then commenced this habeas corpus proceeding. In the petition (Docket No. 2) and attached exhibits (Docket Nos. 2-1, 2-2), Petitioner challenges his confinement on both judgments of conviction, arguing that his trial attorney was ineffective for not moving to suppress evidence derived from the eavesdropping warrants on the ground that the People failed to furnish the warrants and accompanying applications within 15 days of his arraignment as

required by CPL § 700.70. Respondent answered the petition, and Petitioner filed a Reply.

**III. Discussion**

    **A.  The Petition Is Untimely with Respect to the First Judgment of Conviction**

Respondent argues that the petition is untimely with respect to the First Judgment of Conviction because it was filed more than a year from the date the judgment became final. Respondent further contends that Petitioner is not entitled to equitable tolling of the limitations period.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs the instant petition, requires that a federal habeas corpus petition be filed within one year of the date of several occurrences. 28 U.S.C. § 2244(d)(1)-(4). The applicable event in the present case is the date on which Petitioner's state court conviction becomes final. 28 U.S.C. § 2244(d)(1). For AEDPA purposes, a petitioner's conviction becomes final when the time to seek direct review in the United States Supreme Court by writ of *certiorari* expires. *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001).

Here, the Fourth Department affirmed the First Judgment of Conviction on December 23, 2015, and Petitioner was denied leave to appeal on May 9, 2016. His convictions upon the First Judgment of Conviction became final 90 days later on August 7, 2016, the date his time to seek a writ of *certiorari* to the Supreme Court expired.

Consequently, Petitioner had one year from that date, or until August 7, 2017, to file his habeas petition. *E.g.*, *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000).

Although Petitioner's habeas petition is dated August 7, 2017, the filing letter accompanying the petition is dated August 11, 2017 (Docket No. 2-5), and the affidavit of service states that Petitioner mailed his petition to the Court on the same date (Docket No. 2-3). Because a *pro se* federal habeas petition is deemed "filed" on the date it is given to prison officials for mailing, *Houston v. Lack*, 487 U.S. 266, 270 (1988), Petitioner's habeas petition should be deemed filed no earlier than August 11, 2017, four days after the expiration of the one-year statute of limitations. The petition is therefore untimely.

Petitioner cannot avail himself of the doctrine of equitable tolling, which requires a showing that " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). There is no indication on the record of any "extraordinary circumstances" impeding Petitioner from timely exhausting his ineffective assistance claim. Petitioner's *pro se* status, limited education, and ignorance of the law are not extraordinary circumstances. *See Francis v. Miller*, 198 F. Supp.2d 232, 235 (E.D.N.Y. 2002)

(petitioner's assertions that "he has limited education, is ignorant of the law and legal procedure, lacked funds to hire another attorney, had limited access to legal assistance that was available to prisoners, and was allowed limited use of the prison law library . . . are not extraordinary circumstances that warrant equitable tolling for the extended period of delay") (citing *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*) (petitioner's *pro se* status does not merit equitable tolling); other citations omitted).

Petitioner claims that he is entitled to equitable tolling due to the fact he was subjected to a "prison lockdown" of unspecified duration prior to the expiration of AEDPA's limitations period.[1] It is well-settled, however, that "[r]outine experiences of prison life," such as "solitary confinement, lock-downs, and restricted access to the law library do not qualify as 'extraordinary circumstances' warranting equitable tolling." *Brown v. Bullis*, No. 9:11-CV-647, 2013 WL 1294488, at *4 (N.D.N.Y. Mar. 26, 2013) (quoting *Belot v. Burge*, No. 03-CV-1478, 2005 WL 6777981 (S.D.N.Y. July 14, 2005), *aff'd*, 490 F.3d 201 (2d Cir. 2007)); *see also Lindo v. Lefever*, 193 F. Supp.2d 659, 663 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure

---

[1] Petitioner sent a letter (Docket No. 1-1) to the Court dated August 6, 2017, requesting an extension of the deadline to file his petition for this reason.

court documents do not qualify as extraordinary circumstances.") (citations omitted).

Even assuming, for purposes of argument only, that Petitioner could show "extraordinary circumstances," he cannot demonstrate the second required element—that he acted with reasonable diligence throughout the period he seeks to have tolled. As Respondent points out, Petitioner had a year to prepare and file his petition, but he apparently waited until days before the expiration of the limitations period to complete his petition and file it. Petitioner offers no reason why he could not "have started his preparation earlier and filed an unpolished petition within the allotted time, rather than wait[ing] to file until after the deadline had expired." *Belot*, 490 F.3d at 207-08.

The Supreme Court has held that a petitioner's showing of "actual innocence" (i.e., factual, as opposed to legal, innocence) may warrant an "equitable exception" to the AEDPA limitations period. *See McQuiggin v. Perkins*, 569 U.S. 383, 392-94 (2013) (actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar or expiration of AEDPA's statute of limitations). The showing required consists of "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 401 (quotation omitted). Here,

however, Petitioner has offered no grounds that would come close to meeting this exceedingly high standard. Therefore, Petitioner is not entitled to equitable exception to the limitations period based on "actual innocence."

Petitioner argues that the Court has already deemed his petition timely filed, based on a text order issued by the Court (Geraci, J.) on October 5, 2017. That text order purported to grant an extension of time to file the habeas petition, as requested in Petitioner's August 6, 2017 letter. There is a further notation in the text order that the petition was deemed "timely filed." (Docket No. 5). Respondent argues, and this Court agrees, that the October 5, 2017 text order was premature and does not bar reconsideration of the timeliness issue based on Respondent's arguments in his memorandum of law. *See Gant v. Goord*, No. 04-CV-6715, 2007 WL 2712344, at *1-2 (W.D.N.Y. Sept. 13, 2007) (finding that initial order deeming petition "timely under 28 U.S.C. § 2244(d)(1)" did not preclude dismissal of petition as untimely based on arguments raised in respondent's answer to petition). Notably, at the time the text order was issued, Respondent "had not answered the petition nor yet had an opportunity to make an argument regarding timeliness." *Id.* at *2. Moreover, since Respondent had not filed his answer, the state court records had not been submitted to the Court. Therefore, there was insufficient information on which to

determine whether the petition was timely and, if not, whether Petitioner was entitled to equitable tolling.

Nor is there any basis to construe Petitioner's August 6, 2017 letter requesting an extension of time to file his petition be as a timely petition for relief under 28 U.S.C. § 2254 ("Section 2254"). The Second Circuit has held, in the context of a 28 U.S.C. § 2255 ("Section 2255") motion to set aside the sentence, that a timely-filed motion for an extension of time may be construed as a Section 2255 motion where the motion contains "allegations sufficient to support a claim for relief." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). However, the Second Circuit does not appear to have extended its holding to proceedings under Section 2254. In any event, Petitioner's letter does not identify any grounds for relief under, or cite to any legal authority regarding, Section 2254. Therefore, even assuming that *Green*'s holding also applies in the Section 2254 context, there is no basis for construing the August 2017 letter as a substantive habeas corpus petition. Accordingly, to the extent the petition challenges the First Judgment of Conviction, it is dismissed as untimely and not subject to equitable tolling.

> **B. The Petition Is Meritless with Respect to the Second Judgment of Conviction**
>
> **1. Background**

Petitioner challenges the Second Judgment of Conviction on the ground that trial counsel was ineffective due to the failure to

move to suppress evidence derived from the eavesdropping warrants. According to Petitioner, trial counsel should have made a motion based on CPL § 700.70 ("Section 700.70"), which provides as follows:

> The contents of any intercepted communication, or evidence derived therefrom, may not be received in evidence or otherwise disclosed upon a trial of a defendant unless the people, within fifteen days after arraignment and before the commencement of the trial, furnish the defendant with a copy of the eavesdropping warrant, and accompanying application, under which interception was authorized or approved.

N.Y. Crim. Proc. Law § 700.70. New York courts have strictly construed Section 700.70. *E.g.*, *Gil v. Mazzuca*, No. 03 CIV.3316 WHP GWG, 2004 WL 389103, at *11 (S.D.N.Y. Mar. 3, 2004) (citing *People v. Schulz*, 67 N.Y.2d 144, 147 (1986) ("Evidence derived from an intercepted communication must be suppressed where there has been a failure to comply with the notice provision of CPL § 700.70.")), *report and recommendation adopted*, No. 03CIV.3316(WHP)(GWG), 2004 WL 3524334 (S.D.N.Y. Sept. 19, 2004).

At Petitioner's arraignment, the trial court asked the prosecutor to "provide a copy of the indictment to [trial counsel] and as [the prosecution] ha[d] in the co-defendant's cases[,] provide . . . certain recordings of search warrants and eavesdropping warrants related to th[e] case." (9/14/07 Transcript ("Tr.") at 4-5). The prosecutor stated, "[W]e have served a notice of eavesdropping pursuant to Section 700.50 and 700.[70] of the Criminal Procedure Law and those documents are on the disc that

I've given to [trial counsel] today." (*Id*.). Trial counsel, who was participating in this colloquy, did not dispute this statement. (*See id*.).

During an appearance before the trial court on December 5, 2007, trial counsel repeated his assertion that he "need[ed] the search warrant, the application, and the wire taps, registers and application." (12/5/07 Tr. at 3). The prosecutor responded, "We provided them on the disc I thought." (*Id*.). At that time, an off-the-record discussion occurred between the prosecutor, defense counsel, and the trial court. Afterwards, the trial court instructed defense counsel to advise it at the next scheduled date if he had any problem obtaining the materials. The prosecutor commented, "I assure you he'll have no difficulty." (*Id*. at 4). Defense counsel made no representation that the prosecutor had failed to provide the disc at arraignment or that the disc did not contain the warrants and applications.

Nor did trial counsel raise such allegations in his December 21, 2007 letter to the prosecutor, in which he noted that the warrants and applications had not been included on another disc provided by the prosecution which contained several hundred pages of discovery.

On direct appeal, the Fourth Department rejected it the claim of ineffective assistance on the merits, holding that Petitioner had

> failed to show that defense counsel did not have a strategic reason for not making the motion pursuant to CPL 700.70 inasmuch as the record shows no colorable basis for such a motion. The record . . . indicates that the People complied with CPL 700.70 by turning over a disc containing the eavesdropping warrants and applications at the time defendant was arraigned.

(SR.1743). This ruling constitutes an adjudication on the merits for purposes of 28 U.S.C. § 2254(d). *See Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.") (citing *Harris v. Reed*, 489 U.S. 255, 265 (1989) (courts presume a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)).

### 2. Standard Under 28 U.S.C. § 2254(d)

"By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)." *Harrington*, 562 U.S. at 98. A federal court may not grant habeas relief for claims subject to § 2254(d) unless the petitioner shows that the state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court, 28 U.S.C. § 2254(d)(1); or that it "involved an unreasonable application of" such law, 28 U.S.C. § 2254(d)(1); or that it "was based on an unreasonable

determination of the facts" in light of the record before the state court, 28 U.S.C. § 2254(d)(2). "Section 2254(d)(1)'s backward-looking language—'resulted in' and 'involved'—requires an examination of the state-court decision at the time it was made. It follows that the record under review is also limited to the record in existence at that same time—i.e., the state-court record." *Cullen v. Pinholster*, 563 U.S. 170, 171 (2011).[2]

The clearly established Supreme Court precedent applicable to claims of ineffective assistance of trial counsel is *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *E.g.*, *Williams v. Taylor*, 529 U.S. 362, 390 (2000) To establish ineffective assistance of trial counsel, a petitioner must demonstrate that counsel provided deficient performance in that the representation he received fell below an objective standard of reasonableness. Petitioner also must demonstrate that he was prejudiced by counsel's performance, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. As to the first *Strickland* prong, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of

---

2

Petitioner attempts to rely on additional, off-the-record written correspondence to support his claim. *See* Petition (Docket No. 2) at 7 & Exhibits 6-9 (Docket No. 2-1, pp. 95-103 of 247). However, these documents were not before the Fourth Department as part of the record on appeal, *see* State Court Record ("SCR") at 272-1661), when it adjudicated Petitioner's ineffective assistance of trial counsel claim. Therefore, this Court is foreclosed from considering them on habeas review. *Cullen v. Pinholster*, 563 U.S. at 181-82.

hindsight. . . ." *Id.* at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

### 3. Petitioner Has Not Satisfied the Requirements of 28 U.S.C. § 2254(d)

The Supreme Court has instructed that review under AEDPA is highly deferential: "[A] habeas court must determine what arguments or theories . . . could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Cullen*, 563 U.S. at 188 (quotation omitted). When a habeas court is reviewing a claim under both *Strickland* and AEDPA, the review is "doubly deferential." *Knowles v. Mizrayance*, 129 S. Ct. 1411, 1413 (2009) (citation omitted). Thus, Petitioner here must demonstrate that *no* "fairminded jurists could disagree" on the incorrectness of the Fourth Department's decision.

The Court finds that the Fourth Department had a reasonable basis in law and the record before it for concluding that the "record show[ed] no colorable basis" for a motion pursuant to CPL 700.70 and thus there was a strategic reason for trial counsel not

to make such a motion. As noted above in Section B.1, the transcript of the arraignment reveals that, in response to the trial court's request to provide the documents necessary under CPL § 700.70, the prosecutor replied that those documents were on the computer disc given to defense counsel that day. Defense counsel, despite being part of the colloquy, did not dispute this assertion. Pointing to trial counsel's later statements to the effect that he "needed the documents," Petitioner argues that this demonstrates that the prosecution failed to provide them on the computer disc at the arraignment. Petitioner points to trial counsel's November 28, 2007 affirmation supporting the pre-trial omnibus motion, wherein he asserted that "[b]efore Defendant can articulate his suppression motion he needs to be provided with all warrants, applications, affidavits in support, returns, inventories, pen registers, etc." (Appendix on Appeal ("App.") at 41). But trial counsel did not contend that the prosecutor had failed to give him the disc at defendant's arraignment; he simply said that he did not have the documents.

Indeed, trial counsel never disputed the prosecutor's statement that she had provided the disc with the subject documents at the arraignment. Significantly, it is unknown what was said during the colloquy that occurred among trial counsel, the prosecutor, and the trial court at the December 5, 2007 proceeding after the prosecutor indicated that she "provided them on the disc,

-17-

I thought." This gap in the record further undermines Petitioner's assertion trial counsel "clear[ly]" believed he did not timely receive the CPL § 700.70 materials. Moreover, Petitioner's appellate counsel made an important concession in his brief that, "[a]dmittedly[,] there was a dispute about whether counsel was given the material in a timely manner." (SCR at 251). Thus, the Court finds that the record equally permits a benign alternative explanation for trial counsel's decision not to seek suppression—that there was no basis for such a motion because he simply had misplaced the disc that the prosecutor provided at the arraignment hearing.

Reviewing Petitioner's ineffective assistance claim under the "doubly deferential" lens warranted by AEDPA's overlay on the *Strickland* standard, the Court "see[s] nothing objectively unreasonable or contrary to common sense[,]" *Santone v. Fischer*, 689 F.3d 138, 155 (2d Cir. 2012), in the Fourth Department's conclusion that trial counsel did not lack a strategic reason for his decision not to move for suppression. *See*, *e.g.*, *Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2559 (2018) (state court's denial of habeas petition filed by state prisoner alleging that pretrial identification procedure using two photographic lineups violated due process and that counsel's failure to file motion to suppress identification was ineffective assistance was not unreasonable application of *Strickland* where "there [was] at least one theory

that could have led a fairminded jurist to conclude that the suppression motion would have failed"). Because Petitioner has failed to fulfill the *Strickland* prong regarding counsel's performance, the Court need not consider whether he can demonstrate prejudice. *See Strickland*, 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.").

**V. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated: November 6, 2018
Rochester, New York.